IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| KRISTINE ANN ZEITNER, | ) | |
| | ) | CASE NO. BK14-82049 |
| Debtor(s). | ) | A16-8010 |
| KRISTINE ANN ZEITNER, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| OCWEN LOAN SERVICING, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the debtor-plaintiff's motion for summary judgment (Fil. No. 6). Samuel J. Turco, Jr., represents the debtor. No appearance has been made for the defendant. Pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

This adversary proceeding was filed to determine the validity, priority, and extent of a lien on the debtor's residence. The defendant has not filed a proof of claim, although it entered an appearance and request for documents in the underlying bankruptcy case. The debtor believes she owes the defendant $10,000 in pre-petition mortgage arrearages and wants to provide for said amount to be paid in full through her plan.

The following facts are uncontroverted:

1. The plaintiff is the debtor in this Chapter 13 proceeding.

2. The plaintiff is the owner of real property legally described as Crestwood Addition, Lot 18 Block 1 52 x 105, commonly known as 5629 Poppleton Avenue, Omaha, Douglas County, Nebraska 68106.

3. The above-described property has at all relevant times been the personal residence of the plaintiff herein.

4. Ocwen Loan Servicing, as Trustee, holds the first lien against the real property in the approximate amount of $117,601.26.

5. Ocwen Loan Serving's attorney, South & Associates, P.C., filed an entry of appearance and request for documents on December 3, 2014.

6. On June 24, 2015, counsel for the debtor contacted Wendee Elliott-Clement, attorney for South & Associates, and requested that a proof of claim be filed with the court by Ocwen Loan Servicing.

7. The Chapter 13 Trustee filed a proof of claim on March 26, 2015, on behalf of Ocwen for pre-petition mortgage arrears in the amount of $10,000.

8. The debtor filed an amended Chapter 13 plan on January 12, 2015, which was confirmed by this court on February 3, 2015.

9. The confirmed chapter 13 plan estimated a mortgage loan arrearage of $10,000 payable to the defendant with interest accruing at the rate of 11.375%.

10. This adversary proceeding was filed on February 26, 2016.

11. Ocwen's president was served with summons and a copy of the complaint on February 29, 2016.

12. The time for filing an answer or other response expired on March 27, 2016.

13. No answer or other response has been filed or served by the defendant.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The defendant has not responded to the complaint or motion for summary judgment, and as a result has put no material facts in dispute. Judgment will be entered in favor of the plaintiff and

against the defendant setting the amount of the pre-petition mortgage arrearage to be paid through the plan at $10,000.

IT IS ORDERED: The debtor-plaintiff's motion for summary judgment (Fil. No. 6) is granted. Separate judgment will be entered.

DATED: July 22, 2016.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Samuel J. Turco, Jr.,
    Kathleen A. Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.